IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

KARAMANOS HOLDINGS, INC.,        )
                                 )
            Plaintiff,           )        TC-MD 120022C
                                 )
      v.                         )
                                 )
DEPARTMENT OF REVENUE,           )
State of Oregon,                 )
                                 )
            Defendant.           )        **DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss, filed February 2, 2012, requesting that Plaintiff's appeal be dismissed as untimely. Oral Argument was held on May 29, 2012. Plaintiff was represented by Michael Mangan, Attorney at Law, and David Williams, Attorney at Law. Defendant was represented by Douglas M. Adair, Senior Assistant Attorney General.

## I. FACTS

Plaintiff initially appealed the real market value of property identified as Accounts R225119 and P638288 (subject property), for the 2011-12 tax year, with the Multnomah Board of Property Tax Appeals (BOPTA) on December 23, 2011. (Ptf's Resp to Def's Mot to Dismiss at 2.) Plaintiff received notification on January 4, 2012, that BOPTA was dismissing Plaintiff's petition for Account R225119 for lack of jurisdiction. (*Id.*) Plaintiff then "filed a single appeal for both tax accounts to the Magistrate Division that very same day[, January 4, 2012]." (*Id.*) The Complaint requested that the real market value of the personal property be reduced to $657,500. (Ptf's Compl at 1.) The parties are in agreement that Plaintiff's Complaint was filed by the court on January 5, 2012, and postmarked January 4, 2012. (*Id.*; Def's Mot to Dismiss at

///

1.) Defendant then filed a Motion to Dismiss on February 2, 2012, arguing that Plaintiff's Complaint was not timely filed under ORS 305.403(2).

Plaintiff's appeal involved what the Plaintiff refers to as the "East Plant." The subject property is described as

> "a mix of real property machinery and equipment, storage equipment, general office and production personal property, and personal property that could be categorized as supplies, spare parts, or miscellaneous equipment * * *. All of the property involved in this appeal is used in conjunction with Sunshine Dairy Foods MNGMT. LLC's[1] * * * business, which can generally be described as a mix of manufacturing dairy products, distribution, and direct-to-store delivery for food service businesses * * *.
>
> "* * * The property used for both operations has been spread over all the tax accounts being appealed."

(Ptf's Resp to Def's Mot to Dismiss at 1-2.)

In Plaintiff's Complaint, the property type is identified as "Industrial." (Ptf's Compl at 1.) Additionally, Defendant states that the subject property was "assessed to Sunshine Dairy by the Department of Revenue as a state-responsibility industrial site from 2000 through 2007" and "Karamanos Holdings' has been assessed for this same property as a state-responsibility industrial site since 2008." (Def's Reply – Mot to Dismiss at 1.) Defendant also adds that Plaintiff has "annually filed Industrial Property Returns ("IPR") throughout this time period. * * * The 2011-12 industrial Value Transmittal Sheets ("VTS") establishing values for accounts P638228 and R225119, including changes based on the 2011 IPRs filed by [Plaintiff], were mailed by [Defendant] to [Plaintiff] on April 29, 2011." (*Id.* at 1-2.)

In its Response to Defendant's Motion to Dismiss, Plaintiff asserted three main arguments. First, Plaintiff argues that there is a conflict in the rules regarding what is secondary

---

[1] Sunshine Diary is the business that operates on the subject property while Karamanos Holdings, Inc. is the taxpayer for the subject property. (*See* Compl at 1-3.)

industrial property following a 2011 change to the Oregon Revised Statutes, specifically stating that "[i]t is no longer clear where the taxpayer files if some of the property on a single tax account meets the statutory or administrative rule definition of 'secondary industrial property' and some does not." (Ptf's Resp to Def's Mot to Dismiss at 4-5.) Plaintiff argued that this confusion is a direct result of the change to ORS 305.403, which explains where an industrial property tax appeal is to be filed. (*See id*.)

Plaintiff's second argument is that the subject property is made up of a confusing mix of property types, and not all of those types of property meet the definition of secondary industrial property. (*Id.* at 6-7.) Plaintiff asserts that this is evidenced by the actions taken by BOPTA. (*Id.* at 7.) BOPTA initially "asserted jurisdiction over Account P638288" but on March 10, 2012 BOPTA "changed its position and decided that it lacked jurisdiction * * *." (*Id.* at 3.) Plaintiff asserts that BOPTA's "confusion demonstrates the problem caused by the recent statutory amendment." (*Id.* at 7.)

Plaintiff's third argument is that the tax authorities are misleading taxpayers such that good and sufficient cause exists for the court to hear the appeal even if the appeal was untimely filed. (*Id.* at 7-8.) Plaintiff has stated that "[a]s of March 7, 2012, [Defendant's] website still stated that '[o]wners of industrial property, appraised by the Oregon Department of Revenue, may <u>choose</u> to file their appeals directly with the Magistrate Division of the Oregon Tax Court, rather than BOPTA.' " (*Id.* at 7.) (Emphasis in original.) Plaintiff also stated that as of "March 7, 2012, the Multnomah County website continued to direct taxpayers to BoPTA with all appeals," and that "[t]his leads the taxpayer to believe a valuation appeal for industrial property is properly filed with BoPTA." (*Id.* 7-8.)

/ / /

## II. ANALYSIS

### A. *Industrial property classification*

The first issue is whether ORS 305.403 governs Plaintiff's appeal of the subject property. ORS 305.403(1)[2] states that "[a]n appeal by a taxpayer dissatisfied with the assessed * * * value of land or improvements of a principal or secondary industrial property *must* be brought in the tax court." ORS 305.403(1) (emphasis added). ORS 305.403(1) was changed in 2011, with the changes becoming effective on September 29, 2011. Or Laws 2011, ch 111. Under *former* ORS 305.403(1) (2009), "the taxpayer *may elect* to proceed directly to the tax court." (emphasis added). The former version of the statute gave the taxpayer the option of either filing an appeal with the local board of property tax appeals or appealing directly to the tax court, while the 2011 version, which is applicable to Plaintiff's appeal, only allows for the appeal to be filed with the tax court.

The question then becomes whether Plaintiff's property is principal or secondary industrial property. " '[P]rincipal industrial property' and 'secondary industrial property' have the meanings given to those terms under ORS 306.126 and include those properties appraised by the department [of revenue] for ad valorem property tax purposes." ORS 305.403(5). Principal industrial property is defined by statute as "any unit of industrial property having a real market value of the improvements on the assessment roll for the preceding year of more than $5 million." ORS 306.126(1). Secondary industrial property is defined by statute as "*any unit* of industrial property having a real market value of the improvements on the assessment roll for the preceding year of more than $1 million but of $5 million or less." ORS 306.126(2) (emphasis added).

---

[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2011.

These definitions are further clarified by OAR 150-306.126(1). "Property other than industrial property that is at the same location as the manufacturing or processing operation may be appraised as part of the unit of industrial property." OAR 150-306.126(1)(3). In the event that the industrial property is spread out over multiple tax accounts, " 'unit of industrial property' means, for appraisal purposes, a single facility or an integrated complex currently engaged in manufacturing or processing operations and may include one or more accounts." OAR 150-306.126(1)(1)(f).

Plaintiff argues that some of the property on the accounts does not meet the definition of secondary industrial property and that "[i]t is no longer clear where the taxpayer files if some of the property on a single tax account meets the statutory or administrative rule definition of 'secondary industrial property' and some does not." (Ptf's Resp to Def's Mot to Dismiss at 4.) Plaintiff also asserts that this confusion is a direct result of the change to ORS 305.403. (*See Id.* at 4-5.)

The court disagrees. Both the 2009 and 2011 versions of the statute use the terms primary industrial property and secondary industrial property, the definitions of which were unchanged. Additionally, the issue of whether some of the property does not meet the definition of secondary industrial property is also covered by OAR 150-306.126(1).

Plaintiff's Complaint designates the property type as industrial. Defendant states that the subject property "has been assessed as a state-responsibility industrial site" since 2000, first to Sunshine Dairy from 2000-2007 and then to Karamanos Holdings since 2008. (Def's Reply – Mot to Dismiss at 1.) State responsibility industrial property is defined as "industrial property that had a real market value for improvements of more than $1 million for the preceding year. This includes all principal and secondary industrial property * * *." OAR 150-306.126(1)(b). "

'Improvements' * * * means improvements erected upon, above or affixed to the land but not the land itself. * * * Improvements do not include site development and personal property." OAR 150-306.126(1)(c). However, "[p]roperty other than industrial property that is at the same location as the manufacturing or processing operation may be appraised as part of the industrial unit." OAR 150-306.126(1)(3). Even if the value of the land and personal property is excluded from the value of the unit of industrial property, the total value of the improvements is over $1 million for the preceding year. (*See* Ptf's Compl at 2-3.) Thus, the subject property meets the definition of secondary industrial property. Additionally Plaintiff has been filing Industrial Property Returns (IPR) with Defendant since 2008, and Sunshine Dairy filed IPR's from 2000-2007. (Def's Reply – Mot to Dismiss at 1.) Defendant has also issued Value Transmittal Sheets for the subject property based off of the IPR's since 2000. (*Id.*) Given the subject property's history, and a thorough reading of the applicable rules, the subject property is properly assessed as industrial property. Using the definition of "unit of industrial property" given by OAR 150-305.126(1)(1)(f), the subject property is secondary industrial property. As such, ORS 305.403 applies, and the only venue for the appeal is the tax court.

B.      *Timely filing*

The remaining issue is whether the Complaint was timely filed. "An appeal under this section is taken by filing a complaint with the tax court * * * during the period following the date the tax statements are mailed for the current tax year and ending December 31." ORS 305.403(2). December 31, 2011, fell on a Saturday, the subsequent Monday, January 2, was a holiday. This meant that the statutory deadline was January 3, 2012. Plaintiff's Complaint was stamped filed on January 5, 2012, and was received in an envelope with a postmark of January 4, 2012. (Ptf's Compl at 1.) The earlier of these dates is the postmark date of January 4,

2012. This date falls beyond the statutory deadline of January 3, 2012, as extended by the weekend and the holiday. The complaint was therefore not timely filed.

C.       *Good and Sufficient Cause*

Plaintiff also claims that there is good and sufficient cause under ORS 305.288(3). (Ptf's Resp to Def's Mot to Dismiss at 3-8.) ORS 305.288(3) states that

> "[t]he tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year * * * if, for the year to which the change or correction is applicable, the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."

Good and sufficient cause:

> "Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
>
> "* * * Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

ORS 305.288(5)(b).

Plaintiff claims that good and sufficient cause exists because there is a conflict in the rules regarding secondary industrial property, the accounts have a confusing mix of property types, and that the tax authorities are misleading the taxpayers via information on their web sites. (*See* Ptf's Resp to Def's Mot to Dismiss.)

The first two issues have previously been discussed in this Decision and do not give rise to "good and sufficient cause" as used in ORS 305.288. Turning to Plaintiff's third assertion, that the tax authorities are misleading the taxpayers, Plaintiff states that, as of March 7, 2012 both Defendant's and the Multnomah County Assessor Office's websites were providing incorrect information regarding where to file an industrial property tax appeal. (*Id.* at 7-8.)

There is no evidence that Plaintiff relied on or even checked either of these websites prior to filing their appeal with BOPTA, and any incorrect information found on these websites after Plaintiff's Complaint was filed is irrelevant as it would not be possible for Plaintiff to be mislead by information that Plaintiff was not aware of at the time of filing. Additionally there is no evidence that Plaintiff consulted with or relied on any tax authority before filing their appeal. More importantly, information on an agency's web site does not supplant statutory rules, and both the statues and rules were publicly available. Nothing in the facts amount to anything more than inadvertence, oversight, or lack of knowledge.

Additionally, the fact that Plaintiff filed an appeal with BOPTA, but was not notified by BOPTA that BOPTA lacked jurisdiction to hear the appeal until after the statutory deadline had passed does not rise to good and sufficient cause. The burden is not on BOPTA to make a jurisdictional determination so as to preserve Plaintiff's right to appeal within the statutory time limits. For the reasons set forth above, good and sufficient cause does not exist in this case for the tax court to exercise its power under ORS 305.288(3) to hear an untimely appeal.

### III. CONCLUSION

The subject property, as an industrial unit, meets the definition of secondary industrial property. The proper venue to file an appeal for industrial property was with the Magistrate Division of the Oregon Tax Court. Plaintiff's Complaint was not filed with the court until January 4, 2012, past the statutory deadline of January 3, 2012. As such Plaintiff's Complaint was not timely filed. Now, therefore,

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT hat Defendant's Motion to Dismiss is granted.

IT IS THE FURTHER DECISION OF THIS COURT that Plaintiff's Complaint is dismissed.

Dated this ＿＿ day of August 2012.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on August 30, 2012. The Court filed and entered this document on August 30, 2012.*

DECISION OF DISMISSAL  TC-MD 120022C                                              9